UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| BOGARD, MCGRATH, JANE DOE, BECCA SCHMILL FOUNDATION, *Individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>TIKTOK INC., BYTEDANCE INC, ALPHABET INC., XXVI HOLDINGS INC., GOOGLE LLC, YOUTUBE, LLC,<br><br>Defendants. | Case No. 3:23-cv-00012-RLY-MJD |

**DECLARATION OF RAQUEL SMALL IN SUPPORT OF
GOOGLE'S MOTION TO TRANSFER VENUE**

I, Raquel Small, hereby declare as follows:

1. I am a Program Manager in the Legal department at YouTube, where I have worked since 2022. Prior to joining YouTube, I was a Legal Analyst for the Online Product Support Team for four years (from 2011 to 2015) at Google, and after that I was a litigation paralegal for seven years (from 2015 to 2022) at Google. As part of my current role at YouTube, I am responsible for coordinating legal review of YouTube's global product launches, as well as working across YouTube's and Google's Global Affairs teams. I have personal knowledge of the matters set forth below, and, if called as a witness, could and would testify competently to the matters stated herein.

1

2. YouTube operates one of the world's most popular video-sharing platforms. YouTube is a free service, and people may watch videos with or without a YouTube account.

3. Google acquired YouTube in October 2006, and YouTube is a wholly-owned subsidiary of Google.

4. I have reviewed a copy of the Complaint, in which Plaintiffs Bogard, McGrath, and the Becca Schmill Foundation allege that from "2018 to the present," they have reported several videos to YouTube as "harmful content," Compl. ¶ 82; *see also* ¶¶ 66, 107-08, by using the content "reporting process set forth by Defendants' platforms." *Id.* at ¶ 28.

5. Since at least 2018, in order for a user to submit a content report about a YouTube video, the user must be signed into their Google Account.

6. If a user wants to report a video but does not have a Google Account, they must create a Google Account. When creating a Google Account, all users must affirmatively agree to the Google Terms of Service ("Google ToS"). Attached hereto as Exhibit 1 is a true and correct copy of the current Google ToS.

7. When users create a Google Account, they are presented with the following text: "To create a Google Account, you'll need to agree to the Terms of Service below." The phrase "Terms of Service" appears in blue font, and links to the complete text of Google's ToS. By clicking "I Agree," users agree to abide by Google's ToS.

8. According to Google's records, Plaintiff Joann Bogard ("Bogard") electronically accepted Google's ToS on May 7, 2011, by clicking a button indicating her acceptance of and agreement to be bound by the ToS (including the pertinent forum-

selection clause). Attached hereto as Exhibit 2 is a true and correct copy of the version of Google's ToS that Bogard agreed to on that date.

9. According to Google's records, Plaintiff Annie McGrath ("McGrath") electronically accepted Google's ToS on March 13, 2019, by clicking a button indicating her acceptance of and agreement to be bound by the ToS (including the pertinent forum-selection clause). Attached hereto as Exhibit 3 is a true and correct copy of the version of Google's ToS that McGrath agreed to on that date.

10. I understand the Complaint alleges that Plaintiff Becca Schmill Foundation retained a researcher at the Alliance to Counter Crime Online ("ACCO") to submit YouTube content reports. I have reviewed correspondence from Plaintiffs' counsel identifying the ACCO researcher and providing the ACCO researcher's Google Account identifier. According to Google's records, the ACCO researcher electronically accepted Google's ToS on June 23, 2004. Attached hereto as Exhibit 4 is a true and correct copy of the version of Google's ToS that the ACCO researcher agreed to on that date.

11. The current version of Google's ToS, and all past versions of Google's ToS, provide that Google may modify Google's ToS over time. Modifications are binding, and if a user disagrees with any of the modifications, that user would have to discontinue their use of Google and its services. For instance, the current version of Google's ToS provides: "If we materially change these terms or service-specific additional terms, we'll provide you with reasonable advance notice and the opportunity to review the changes, except (1) when we launch a new service or feature, or (2) in urgent situations, such as preventing ongoing abuse or responding to legal requirements. If you don't agree to the new terms,

you should remove your content and stop using the services. You can also end your relationship with us at any time by closing your Google Account." Ex. 1.

12. The most recent update to Google's ToS occurred on January 5, 2022. In advance of that update, Google sent emails to all Google users informing them of upcoming changes to the ToS. These emails were sent to the subscriber email addresses on file for all Google users. Attached hereto as Exhibit 5 is a true and correct copy of this email. In addition, Google posted the updated ToS to its website, including a redlined comparison for users to identify changes.

13. The current Google ToS, and all prior versions going back to at least April 2007 (including the entire period when Plaintiffs claim to have submitted content reports in this case), require that disputes between Google and its users arising out of their use of Google services be litigated solely in California. Specifically, the ToS require that "California law will govern all disputes arising out of or relating to these terms, service-specific additional terms, or any related services, regardless of conflict of laws rules. These disputes will be resolved exclusively in the federal or state courts of Santa Clara County, California, USA, and you and Google consent to personal jurisdiction in those courts." Ex. 1.

14. Because millions of users from across the world use Google services each day, the forum-selection clause is necessary to manage the costs of litigation and reduce the inconvenience to Google and YouTube personnel of litigating claims all over the world.

15. Neither Google nor YouTube has an office in Indiana.

16. YouTube's headquarters are in San Bruno, California. Google's headquarters are in Mountain View, California.

17. Many employees responsible for developing and implementing YouTube policies concerning content reporting, and for deciding whether or not to remove YouTube videos from the platform (or take other action in response to content reports), are based in California.

18. YouTube's and Google's records custodians are also located in California.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 14th day of April, 2023, in San Leandro, California.

*Raquel Small*
Raquel Small